# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 10-647C, 11-100C, and 12-900L
**CONSOLIDATED**

| | |
|---|---|
| COLONIAL CHEVROLET CO., INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 10-647C <br> (Judge Firestone) <br> (Lead Case) |
| ALLEY'S OF KINGSPORT, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 11-100C <br> (Judge Firestone) |
| SPITZER MOTOR CITY, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 12-900L <br> (Judge Firestone) |

## JOINT STATUS REPORT AND MOTION FOR ENLARGEMENT OF TIME

In accordance with the Court's March 3, 2017 order, ECF No. 230, Plaintiffs, Alley's of Kingsport, Inc., et al., Colonial Chevrolet Co., Inc. et al., Spitzer Motor City, Inc., et al. (Plaintiffs), and Defendant, the United States, respectfully submit this joint status report and

motion for enlargement of time. The parties include in this report "any actual or anticipated discovery issues."[1]

## I. Request For Enlargement Of Time And Amended Discovery Schedule

The parties request a 90-day enlargement, from June 23, 2017 to September 23, 2017, of the deadline for fact discovery.  The parties also request that subsequent deadlines also be enlarged by a commensurate amount, as reflected below in the parties' proposed amended discovery schedule.

Good cause exists for this requested enlargement. In the Court's March 3, 2017 Order, the Court granted the parties' request to allow 30 depositions per side.[2] To date, three depositions of former Chrysler officials have been conducted by plaintiffs, including the deposition of Robert Nardelli, former Chief Executive Officer of Chrysler, LLC, on March 13, 2017 in Atlanta, Georgia; the deposition of Peter Grady, former Director of Dealer Operations at Chrysler LLC, on March 30, 2017 in Detroit, Michigan; and the deposition of James Press, former Vice Chairman and Co-President of Chrysler LLC, on April 13, 2017 in New York, New York.[3] Although Plaintiffs intend to schedule depositions of more than a dozen former Government employees and former Government consultants, plaintiffs contend that it is not feasible to go forward with them until resolution of a discovery dispute (described below)

---

[1] Order at 2 (Mar. 3, 2017) (Doc. 243).
[2] Order at 2 (Mar. 3, 2017) (Doc. 243).
[3] Plaintiffs intended to take a fourth deposition in Miami, Florida, but the attorney for Robert Manzo, Chrysler's restructuring consultant, suffered an illness and the deposition had to be cancelled. Plaintiffs are currently trying to reschedule the deposition of Mr. Manzo for early May. In addition, the plaintiffs have attempted to serve two additional subpoenas on former Chrysler officials. However, after several attempts, the process server was unable to serve them. Plaintiffs are trying to locate these witnesses.

regarding the Government's assertion of privilege over 10,000 withheld or redacted documents.[4] In addition, the parties have not yet received completed productions of all documents responsive to third-party subpoenas issued in this case.  The parties require additional time to obtain documents from third parties, as well as to issue additional third-party subpoenas, if necessary, after the parties have reviewed those productions.

In addition, the Government has not commenced deposition discovery because the Government contends (1) that it has not received certain documents related to the financial condition of plaintiffs' dealerships; and (2) several of plaintiffs' accountants have not yet fully responded to the Government's subpoenas *duces tecum* requesting documents regarding plaintiffs' financial condition.  On the first point, the Government contends that several of the model plaintiffs have not yet produced documents, including all dealer financial statements, arbitration documents, and tax returns, that are critical to assessing plaintiffs' financial condition.  Moreover, the accountant for Spitzer Motor Center, Inc., one of the model plaintiffs in this case, has stated that it cannot produce documents responsive to the Government's subpoena *duces tecum* until May 15, 2017, and the Government has received no documents responsive to its subpoena to model plaintiff Barry Dodge, Inc.'s accountant.  The Government continues to work with plaintiffs' counsel to resolve ongoing disputes related to plaintiffs' production of documents, as well as disputes related to document productions from plaintiffs' accountants. When the Government receives sufficient information regarding the financial condition of the

---

[4] To date, the Government has asserted claims of privilege over 3,411 documents in its privilege logs. The Government has yet to provide Plaintiffs with final privilege determinations on the remaining over 7,000 documents that have been withheld.  In accordance with the parties' agreement memorialized in the parties' March 2, 2017 joint status report, the Government will produce a privilege log on May 1, 2017 and a final privilege log on May 31, 2017.  ECF No. 242, at 4.

model plaintiffs, the Government will begin depositions of model plaintiffs' witnesses, and expects to do so within the next 30 days.

The parties have engaged in good faith efforts to resolve disputes regarding discovery that have occurred to date. Further, the parties expect that the requested enlargement of the fact discovery deadlines will allow them to continue engaging in good faith efforts to resolve disputes and to complete document discovery and depositions in a timely manner. The requested enlargement will therefore promote prompt and efficient resolution of this case.

The proposed amended schedule appears below:

| | |
|---|---|
| Close of fact discovery: | September 22, 2017 |
| Plaintiffs' expert reports due: | October 6, 2017 |
| Close of discovery for Plaintiffs' experts: | November 24, 2017 |
| Defendant's expert reports due: | December 29, 2017 |
| Close of discovery for Defendant's experts: | January 26, 2018 |

## II. Government's Assertions of Privilege On Withheld Documents

Before Plaintiffs can begin depositions of former government employees or government consultant employees, Plaintiffs anticipate having to resolve disputes over those documents being withheld by the Government on the basis of privilege. To date, the Government has provided two privilege logs describing 3,411 documents that have been withheld on the basis of the following privilege assertions: (1) attorney client privilege or attorney-client work product for 731 documents; (2) deliberative process privilege for 2,723 documents; (3) presidential communication privilege for 455 documents; and (4) investigative privilege for 2 documents. In addition to the withheld documents, on the basis of deliberative process privilege and presidential communication privilege the Government redacted over 60 interviews conducted by Steven

Rattner[5] with former Government employees, former Government consultants and a former General Motors executive for use in his book *Overhaul*: *An Insider's Account of the Obama Administration's Emergency Rescue of the Auto Industry.*[6]

The parties intend to work together to resolve any disputes related to the Government's assertion of privilege over those documents that have been withheld and those documents that have been redacted. In order to expeditiously facilitate discovery in this case, Plaintiffs request guidance from the Court on how it would like the parties to proceed on this issue, if the parties are unable to reach a mutually agreeable resolution without Court intervention. The Government intends to confer with plaintiffs in an attempt to resolve their disputes with the Government's privilege assertions and redactions without Court action. *See* Rule 37(a)(1).

---

[5] In 2009, Mr. Rattner was a Senior Advisor at the Department of the Treasury (Treasury) and a member of Treasury's Auto Team.

[6] Steven Rattner, *Overhaul: An Insider's Account of the Obama Administration's Emergency Rescue of the Auto Industry* (2011).

April 21, 2017

BENJAMIN C. MIZER
Principal Deputy Attorney General

ROBERT E. KIRSCHMAN, JR.
Director


s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Deputy Director

Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
(202) 616-0385
Kenneth.Dintzer@usdoj.gov

OF COUNSEL:

ELIZABETH M. HOSFORD
Assistant Director

JAMES P. CONNOR
Senior Trial Counsel

AMELIA R. LISTER-SOBOTKIN
MICHAEL A. RODRIGUEZ
ALISON S. VICKS
Trial Attorneys

Attorneys for Defendant

Respectfully submitted,

s/ Roger J. Marzulla
Roger J. Marzulla
Nancie G. Marzulla
MARZULLA LAW, LLC
1150 Connecticut Avenue, NW
Suite 1050
Washington, DC 20036
(202) 822-6760 (telephone)
(202) 822-6774 (facsimile)
roger@marzulla.com
nancie@marzulla.com

Of counsel:
Thomas A. Holman
HOLMAN LAW, P.C.
99 Park Avenue
Twenty Sixth Floor
New York, NY 10016
(212) 481-1336 (telephone)
(866) 204-1020 (facsimile)

Leonard A. Bellavia
BELLAVIA BLATT & CROSSETT
200 Old Country Road
Mineola, NY 11501
(516) 873-3000 (telephone)
(516) 873-9032 (facsimile)

Attorneys for Plaintiffs
Alley's of Kingsport, Inc. et al.

s/ Marquette W. Wolf
Marquette W. Wolf
TED B. LYON & ASSOCIATES
18601 Lyndon B. Johnson Fwy.
Suite 525
Mesquite, TX 75150
(866) 576-3748 (telephone)
(972) 279-3021 (facsimile)

Richard D. Faulkner
BLUME, FAULKNER, SKEEN
& NORTHAM, PLLC
111 W. Spring Valley Rd.

6

Suite 250
Richardson, Texas 75081
(214) 373-7788
(214) 373-7783 (fax)
rfaulkner@bfsnlaw.com

Harry Zanville
500 West Harbor Drive
Suite 1201
San Diego, California 92101
(619) 269-9227

Attorneys for Plaintiffs
Colonial Chevrolet Co., Inc., et al.

s/ Jonathan A. Michaels
Jonathan A. Michaels
Kathryn J. Harvey
M. Todd Ratay
MLG Automotive Law, APLC
2801 W. Coast Highway
Suite 370
Newport Beach, CA 92663
(949) 581-6900
(949) 581-6908 (fax)

Attorneys for Plaintiffs
Spitzer Motor City, Inc. et al.