# In the United States Court of Federal Claims

Nos. 10-647C, 11-100C, and 12-900C
(Filed: May 3, 2018)
**CONSOLIDATED**

|  |  |
|---|---|
| COLONIAL CHEVROLET CO., INC., et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) |
| * * * * * * * * * * * * * * * * * * * * | ) |
| ALLEY'S OF KINGSPORT, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) |
| * * * * * * * * * * * * * * * * * * * * | ) |
| UNION DODGE, INC., et al., | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

# O R D E R

Oral argument on defendant's motion for summary judgment (ECF No. 136) shall be heard on **Tuesday, May 22, 2018 at 11:00 AM eastern time** at the Howard T. Markey National Courts Building, 717 Madison Place, NW, Washington, DC 20439.

Counsel for each party shall appear in person. The courtroom number will be posted in the lobby on the day of the proceeding.

     To assist the court, the parties should be prepared to address the following questions at oral argument in addition to any other issues discussed in the parties' memoranda.

1. Does the court correctly assume that the premise of the government's first argument in its motion for summary judgment regarding the 59 plaintiffs who signed wind-down agreements with GM is that: (a) the agreements were voluntarily signed and (b) the 59 plaintiffs relinquished all of the "sticks" in their bundle of property rights associated with their dealerships and thus there was nothing for the government to take?

2. Assuming the court's understanding of the government's argument is correct, what should the court do with the undisputed facts presented by the plaintiffs that (a) they had no ability to negotiate the terms of their wind-down agreements; (b) many challenged their wind-down agreements in the arbitration proceedings authorized by Congress; and (c) certain items such as auto parts, equipment, franchise value, exclusive customer lists, and land were not included in the wind-down agreements?

3. Regardless of the facts presented by the plaintiffs, and considering it is uncontested that prior to filing bankruptcy GM had reported liabilities of $172 billion and assets of only $82 billion *GM Sale Op'n*, 407 B.R. at 475, is there a genuine issue of material fact precluding summary judgment for the 59 plaintiffs because the plaintiffs have not presented any evidence to show that in a "but for world" without any government assistance they would have received more than they received in the wind-down agreements that were offered by GM that they accepted. *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142 (Fed. Cir. 2014).

4. With regard to the government's second argument concerning the 59 plaintiffs, the parties should first focus their argument on whether under established precedent constitutional rights must be voluntarily and expressly relinquished, including 5th Amendment takings claims. *The People of Bikini v. United States*, 554 F.3d 996, 1000 (Fed. Cir. 2009); *Rory v. Cont'l Ins. Co.,* 473 Mich. 457, 477 (2005); *City of Gettysburg, S.D. v. United States,* 64 Fed. Cl. 429 (2005). Second, the parties should focus on their arguments regarding how those wind-down agreements should be interpreted under Michigan law.

5. With regard to the government's third argument in its motion for summary judgment, regarding the six plaintiffs who did not sign wind-down agreements, and whom the government contends were offered by GM all they are seeking in this litigation, the parties should be prepared to address whether there are any genuine issues of material fact to preclude summary judgment when the plaintiffs

have failed to provide any facts to show that in a "but for world" without government assistance they would have obtained anything more than they were offered by GM and rejected. In this connection is the October 20, 2016, affidavit of Edward M. Stockton provided by the plaintiffs concerning the potential value of the government fleet of GM's vehicles to the plaintiffs' dealerships and Jack Guetterman's August 31, 2017, sworn testimony concerning the value of only Ford dealerships (not the value of his GM dealership which is identified in his complaint) sufficient evidence of "but for world" value for his GM dealership.

6. With regard to the wind-down agreements referenced by both parties in their briefs but not provided, the government shall provide to the court by **May 17, 2018**, a summary chart that identifies for each of the 59 plaintiffs who accepted the wind-down agreement the amount of cash and other benefits they received and for each of the six plaintiffs who rejected the wind-down agreement the amount of cash and other benefits they were offered. The summary chart should also identify if the amount of cash or benefits changed as a result of a plaintiff's participation in the arbitration proceeding provided by Congress and if so by how much. In addition to the summary chart, the government shall provide the court with copies of every wind-down agreement signed by each of the 59 plaintiffs and the proposed agreements offered to the six plaintiffs who rejected them, as well as any evidence of adjustments to the amounts made pursuant to the arbitration proceedings or otherwise.

**IT IS SO ORDERED**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge